UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS HAYNIE,

Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES LLC,

Defendant(s).

_____ /

Civil Action No.:

INJUNCTIVE RELIEF SOUGHT

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff MARCUS HAYNIE ("Plaintiff"), by and through her attorneys, Jonathan Arias, Esq., as and for his Complaint against Defendant EQUIFAX INFORMATION SERVICES LLC hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

**PARTIES**

2. Plaintiff MARCUS HAYNIE is a resident of the State of FLORIDA, residing in Hillsborough County.

3. Defendant EQUIFAX INFORMATION SERVICES LLC is a Georgia corporation.

4. Defendant is regularly engaged in the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff obtained a copy of his credit report in March 2024 and noticed several inaccurate accounts. Based on this information, Plaintiff wrote a dispute letter to Defendant dated March 20th, 2024, stating:

*"Marcus Haynie*
*5405 Tindale Rd*
*Plant City, FL 33565*

*EQUIFAX*
*P.O. BOX 105319*
*ATLANTA, GA 30348*

*Dear Equifax*

*Regarding the following accounts:*

- *GTE FCU ACCT#: 430666XXXX*
- *BANK OF AMERICA ACCT#: XXXXXXXX*
- *SYNOVUS BANK ACCT#: 138800XXXXXXXX*

*To whom this may concern, my name is Marcus Haynie, date of birth 9/30/1990, social security 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 and I am writing this dispute because I am seeing a whole bunch of old inaccurate items on my credit report that need to be removed immediately as these discrepancies are holding me back. Financial reporting is extremely important for consumers like myself so for 2024 I want my score to be the best as it should be due to improper reporting. Please start this dispute process on my behalf and investigate the accounts listed above. Just in case my ID is enclosed. Pursuant to the Fair Credit Reporting Act I will expect you to complete the verification within thirty days.*

*Federal law requires that you provide mechanisms to ensure that each item on my credit report*

*actually belongs to me. If the above items are inaccurate, misleading, or incomplete, you may have violated federal law."*

8. Defendant responded with a letter dated March 29th, 2024. The letter stated: "We were unable to locate a credit file in our database with the identification information you provided…". Plaintiff provided a legible copy of his driver's license. Plaintiff's letter provided his correct address, name, social security number, and date of birth, the same information that Plaintiff used to obtain his credit report. Defendant failed to conduct a reasonable investigation, either delete or verify the disputed tradelines, or respond to Plaintiff within the required 30 days.

9. Plaintiff sent a second dispute letter, dated May 10th, 2024, stating:

*"Marcus Haynie*
*5405 Tindale Rd*
*Plant City, FL 33565*

*EQUIFAX*
*P.O. BOX 105319*
*ATLANTA, GA 30348*

*Dear Equifax*

*Regarding the following accounts:*

- *GTE FCU ACCT#: 430666XXXX*
- *SYNOVUS BANK ACCT#: 138800XXXXXXXX*

*To whom this may concern, my name is Marcus Haynie, date of birth 9/30/1990, social security 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 and I am writing this dispute because I am seeing a whole bunch of old inaccurate items on my credit report that need to be removed immediately as these discrepancies are holding me back. Specifically the account named Synovus, was settled in court and I have attached the court order stipulation which states how this account was settled needs to be deleted from my report for inaccuracy immediately. Please start this dispute process on my behalf and investigate the accounts listed above as I have sent out multiple disputes and nothing has been done so far. Just in case my ID is enclosed. Pursuant to the Fair Credit Reporting Act I will expect you to complete the verification within thirty days.*

*Federal law requires that you provide mechanisms to ensure that each item on my credit report actually belongs to me. If the above items are inaccurate, misleading, or incomplete, you may have violated federal law. By the provisions of the Fair Credit Reporting Act, I demand that these items be investigated and removed from my report. It is my understanding that you will recheck these items with the creditor who posted them. Please remove any information that the creditor*

*cannot verify. I also understand that under 15 U.S.C. Sec. 1681li(a), you must complete the reinvestigation within 30 days of the receipt of this letter.*

*Sincerely,*
*Marcus Haynie"*

10. Defendant responded with a letter dated June 24th, 2024 stating: 'Please be advised that in order to process your request, Equifax needs to receive valid and legible documentation". Plaintiff provided a legible copy of his driver's license and included his social security number, date of birth, address, and name in his dispute letter. Defendant failed to conduct a reasonable investigation, either delete, or verify the disputed tradelines or respond to Plaintiff within the required 30 days.

11. Plaintiff sent a third dispute letter, dated August 20, 2024, with a request for a consumer statement to be added. The letter stated:

*"Marcus Haynie*
*5405 Tindale Rd*
*Plant City, FL 33565*
*DOB: 9/30/1990*
*SSN: 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*

*EQUIFAX*
*P.O. BOX 105319*
*ATLANTA, GA 30348*

*Dear Equifax*

*Re: delete inaccurate information*

*My credit report was recently pulled and I realized there are a few errors on my file. This is the second attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts as they are incomplete, inaccurate ( as the accounts have already been paid), PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES, and or unverifiable.*

*I REQUESTED THESE ACCOUNTS BE DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING: "THE ACCOUNTS ARE REPORTING PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL*

> *REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES." If this statement is not disclosed on my report, the account needs to be deleted immediately.*
>
> *THE FOLLOWING ACCOUNTS:*
>
> - *GTE FCU ACCT#: 430666XXXX*
> - *SYNOVUS BANK ACCT#: 138800XXXX for $4518*
>
> *\*\*PLEASE NOTE\*\* I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW, PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).*
>
> *I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices of delinquencies and any other items that my file might contain.*
>
> *Sincerely,*
> *Marcus Haynie"*

12. Plaintiff pulled his credit report on September 2nd, 2024, and it did not contain the requested consumer statement.

13. Defendant failed to properly investigate the disputed accounts and failed to include Plaintiff's consumer statement within the credit report.

14. Defendant further failed specifically to do a reasonable investigation concerning the disputed SYNOVUS BANK ACCT#: 138800XXXX. Plaintiff had settled with the creditor in 2018 and reached an agreement with a stipulation of settlement, Case Number 18-CC-007169 in which Plaintiff made a final payment on April 25th, 2021.

15. Defendant failed to either delete the account or update it to reflect an accurate reporting within the required 30 days.

## **FIRST CAUSE OF ACTION**
## **(Violations of the FCRA)**

16. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set

forth at length herein.

17. 15 USC §1681i(a) Reinvestigations of disputed information

    (1) Reinvestigation required

    (A) In general

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

18. Defendant violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed account and respond to Plaintiff within the required 30-day period and further to delete the account within the required 30 days.

19. Defendant violated Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties, pertaining to Plaintiff's credit report and credit files that Defendant published and maintained, and by failing to update the credit report, delete and/or remove the disputed accounts as Plaintiff requested.

20. Defendant violated Plaintiff's rights under 15 USC §1681i (a)(8)(b) by failing to include the required consumer statement under 15 USC §1681i(a)(8)(b): Statement of dispute. If

the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

21. As a result of Defendant's violations of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

22. Defendant's violations of 15 USC §1681e (b) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

23. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 USC §1681o.

25. Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC §1681i(a).

26. Such reports contained information about Plaintiff that was false misleading, and inaccurate.

27. Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed

information by either updating or deleting the item from Plaintiff's credit files.

28. As a result of Defendant's violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

29. Defendant's violations of 15 USC §1681i(a) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

30. As a result of Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

31. Defendant's violations of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

32. Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

33. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant, jointly and severally; for his attorney's fees and costs, for prejudgment and

post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendant:

A. For statutory, actual, and punitive damages provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B. For attorney's fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully Submitted,

By: /s/ Jonathan Arias
**Jonathan S. Arias, Esq.**
Fla. Bar No.: 126137
Attorney Number: 221129
The Onyx Group
8325 N.E. 2nd Ave
Suite 315
Miami, FL 33138
786-504-5760
jarias@theonyx.group